We have one remaining case this morning, which is number 16-1911, IpVenture, Inc. v. FedEx Corporation. Mr. Thomas. Oh, I'm sorry. We have an admission here. Judge Hughes has a motion. Thank you. I'm happy to move the admission of my clerk, Christopher Michael Burnett, who is leaving me today, in fact, who's served with me for the last year in a very outstanding capacity. I'm going to miss him and his work, but I'm happy to see him move on in his career. I wish him the best of luck. So I move the admission of Christopher Michael Bruno, who is a member of the Bar and is in good standing with the highest court of New York. I have knowledge of his credentials and am satisfied that he possesses the necessary qualifications. Should we grant the motion, Judge O'Malley? I think we ought to deliberate for a while, but I'm inclined to grant it. Okay. Your motion is granted, and Mr. Bruno, welcome to the Bar of the Court, and congratulations for a year of a job well done, and we look forward to seeing you here in the future, I hope. Thank you. Judge, right hand, please. Do you solemnly swear that you will comport yourself as an attorney and counselor of this court, uprightly and according to law, and that you will support the Constitution of the United States of America? I do. Congratulations. Okay. Now, Mr. Thomas. Hard act to follow, right? May it please the Court, this is an appeal from a PTAB decision concerning an inter partage review. The patent in question, the 165 patent, serves to monitor position and shipping conditions for packages during their shipment. To support such monitoring, a wireless device is within or affixed to each package. FedEx petitioned the PTO and sought to invalidate all claims. The Board rendered a decision, finding all claims were proven invalid. However, the law and evidence shows otherwise. Generally speaking, our complaint is that the Board improperly relied on unreasonably broad and distorted claim constructions in order to salvage a deficient petition. One specific issue is the phrase, wireless tracking device, which appears in several of the independent claims. This, according to the Board, and it's not disputed at this point, was construed to be a device that is capable of monitoring both position and shipping conditions and also capable of wirelessly communicating with another device. Is there anything in the claims itself where it says that the wireless tracking device, whether it's one unit or two pieces, has to be on the package? The phrase is a wireless tracking device, and it says it's affixed or within a package. FedEx, as a petitioner, has the burden to prove in this case. And with respect to the wireless tracking device, according to the Board, that device must do two things. It must monitor position, and it must monitor shipping conditions. Despite the fact that in the petition, FedEx only set forth that, in their opinion, the wireless tracking device was either what's called the Sensors 1126, which is attached to a smaller item called cargo. And separately, they argued in the alternative that the wireless tracking device could also be what's called the Monitor 1114, which is attached to a larger object called a trailer. If I read your brief correctly, you agree that the trailer is a package, correct? We're not disputing what is a package. It could be the cargo, or it could be the trailer. Except with respect to Claim 23. Except with respect to dependent Claim 23, which specifies that the package has to be portable by a person, which is in dispute. And Claims 23 and 24 were not invalidated for anticipation, but for obviousness, right? They were found obvious, but principally with respect to the package and the portability, the Board relied and FedEx relies on the same reference we're dealing with, with the wireless tracking device, the Richards reference, and it found that it disclosed a portable package. So despite the fact... So your position is that with respect to the first claim, if the truck is the package, then you've got one aspect of the wireless tracking device on the truck, the other within the truck, but they're two separate packages? Well, basically there's two packages and there's two devices, in our opinion. But if the trailer is the package, both of the devices are within the trailer, right? If the trailer is the package, then the monitor is attached to the package, and that provides the position sensing. And the sensors are within the package, right? But they're still within the package? Normally, they're not within the package. Why not? They're not within the trailer. Sometimes they may be within the trailer, because it's a shipment, and so you pick up the package, the small package, which is called the cargo, from someone's home, and you drop it off at the FedEx station, and then the truck comes later, and then the package is moved into the truck. So at that point... So that point is within the trailer? Yes. But with respect to where you're going with that, with respect to Claim 23, that has to deal with whether that trailer is portable by a person. And that's, and the part that I'm having trouble with is, so the board decided it didn't have to decide the question of whether the truck was portable. Yes, we... But that's all they had to decide. Well, in the petition, the petitioner said that either the small cargo or the massive trailer or anything even larger than that would be portable by a person. So they said either one, either so-called package works for them. In our opinion, we're focusing on the trailer, and we're saying with respect to Claim 23 that there's no way that that can be portable by a person. Explain to me where Claim 23 came from. That was added. So what is it that was added where Claim 23 adds something to the prior art? I don't recall if it was added. You're suggesting it was added later during the amendment or something? It was added during the prosecution. It was not initially in the application. I don't recall. I don't think that that's particularly germane. With respect to the portability of the package in Claim 23, as I mentioned, FedEx's position for the construction of that was basically unlimited as to package size and unlimited as to mechanical assistance such that it's capable of being moved. Our construction was what we thought was more appropriate would be that it refers to a package capable of being carried by a person. And the board went in sort of a weird direction. Their construction was basically they halfway decided it and said it means that not excluding all forms of mechanical assistance and as encompassing objects the size of a crate or refrigerator. Why is the refrigerator thing? I'm not quite sure why you're focusing on the refrigerator because isn't really the point that you're making is that with respect to Claim 23 to be affixed on or within a package and if it's portable, it's got to be on the same package as opposed to the truck and the internal package. In other words, isn't that the whole point? Well, that's one point. The case is somewhat confusing admittedly because the petition started saying that either the things could be packages and either of the devices, the monitor or the sensors could be the wireless tracking device. So they had sort of a broad view of things. And then during the trial before the board, because of the construction of what a wireless tracking device is, it had to do two things, the position and the sensing. And that's not available from either of them individually. Am I correct? There was expert testimony that said they both could do both, but the board didn't rely on that. The board definitely didn't rely on it. And I don't really concede that the testimony from the expert said that. The testimony from the expert is generally inconsistent would be my opinion. So I left off saying that the board had a sort of in between or halfway baked construction. And that was with respect to the refrigerator. The refrigerator term appears in the reference. So they sort of crafted the construction to encompass the phrase in the reference. And the other thing that's confusing, well, we requested rehearing specifically to get clarification on how it is that the board is coming up with the notion that the trailer is portable by a person. Since this was not clear at all. And they refused again to decide it. But they added some language about basically blaming it on our side. And they said IP Venture does not demonstrate the claim 23 requires that the wireless tracking device be wholly and exclusively affixed to the recited package or precludes the wireless tracking device from being partially affixed. So out of the blue, they arrived at this theory that now, after they've taken two separate devices and combined them somehow and saying that's the wireless tracking device. And that thing has to be attached to a package. And now with respect to the package, they're saying that they never really clarify how they're getting over the two package issue. But they said that it's enough to be partially affixed now. What does the specification of the prosecution history tell us about the meaning of portable? It doesn't really tell us anything about the meaning of portable. That's why we're relying on the general ordinary meaning to one skilled in the art. And there is a dictionary definition in the brief. We think clearly supports our plain meaning interpretation of that. Opposing counsel will probably tell you that he thinks that that definition supports his position. What did the board mean by partially affixed? Partially affixed, I believe they mean that it's pretty clear in their decision that they're relying on the smaller cargo 1134 to be the so-called package. And so they're saying, they appear to be saying that the wireless tracking device, a part of that, the sensing part is attached to that smaller cargo. Let's assume the sensors are attached to that cargo. Yes. But you don't have the other device attached to that cargo, right? The other device is completely different. It's like when you have a package, you're shipping it through FedEx. When you go to FedEx, it's your package, right? And then when it later goes into the truck in FedEx, does that package become a different package? It makes no sense. And the two packages don't travel together, and the devices are associated with these different packages. So how they get from two things that travel differently in time and space to become one, that's sort of the first issue. And then the second issue is kind of on top of that mess, it has to be, the package has to be portable by a person. And to the extent that the board is relying on the larger item, the trailer, that cannot be deemed portable by a person. That's completely unreasonable. Again, so why do you care about the refrigerator? I care less about the refrigerator. Opposing counsel loves the refrigerator because the refrigerator, the board was presumably convinced that the refrigerator is portable by a person. So what, even if it is portable by a person with the use of a dolly, it still wouldn't have both tracking devices on it. It still wouldn't, but the board artificially fabricated the combination of these two separate things. Well, it would if the dolly had one of the devices and the refrigerator had the other, which is comparable to the truck having one of the devices and the package having the other. Well, a dolly is, well, I'm not sure what your hypothetical includes, but a dolly traditionally has no electrical components, so it wouldn't have any, it wouldn't expand the wireless tracking capability for. No, but the analogy is the same. The board is basically concluding that portable by a person doesn't mean unassisted. It can be assisted, and why it uses a dolly, but why isn't a forklift a comparable version of a dolly or a truck, and then you have both of the things attached. I don't see the logic. What the reference says is what the reference says, and the reference has one thing referred to as cargo and has another thing referred to as a tractor trailer, and that trailer is designed to receive various different cargo pieces, and it is able to wirelessly communicate with those things, but only when they're within the truck, and the board did make some statements about the ability for the. . . If the reference anticipates part of the time when all the elements are in the truck and the like, the fact that it may not anticipate when the cargo is moved doesn't seem to get you out of your problem. It depends how you consider the reference. We're not directing your attention to that particular temporal argument. We don't think we need that. That's it. I think I'm beyond the scope of my time. Yeah, all right. We'll give you one minute for rebuttal. Mr. Berkowitz. Good morning, Your Honors, and may it please the Court. I'm here representing FedEx, obviously, and we believe that substantial evidence in the record supports the board's conclusions in this particular case. All the claims are either anticipated by the Richards reference or rendered obvious in the comment. . . There are two other references that we presented. But you agree that the devices, whatever they are, whether it's multiple devices or one device, that the capability of doing both aspects of the tracking has to be on or in the package, right? The . . . That's what the claims say. It says a fixture within a package. I agree that certainly at least, I mean, Claim 13, of course, is in the preamble. And if you look at the body of the claim, actually, I think it just says a package. So it says for use with. And so there could be an argument there, but we didn't make that argument, so I'm not going to get into that now. So the way you get, as it relates to those initial claims, before we get to Claim 23, is that one is on the truck, which you say is alternatively a package. And then one is on the cargo, which is within the truck. So I think maybe it makes sense to take one step back and look at what the claim says, right? Because the claim says actually monitoring. The claim says monitoring. I believe it is monitoring at least position information and shipping condition, right? And that's consistent with the board's construction, right? And the monitor . . . Absolutely. Right. So you said we've got two different things. Wait. We've got two different things, and one can do one and one can do the other, which is what . . . I know you said you had expert testimony that said they both could do both, but the board didn't rely on that. The board said, no, all we have to have is one that can do one and one that can do the other. No, the board said that they work in conjunction, right? The board's holding was, I believe, that the monitor 1114 works in conjunction with the sensors. So here's where I'm going with this. So that together they were capable of doing both. Well, I think there's an assumption there that there are two devices, right, and that they are . . . that the device actually requires sensors as part of the device. I actually take you back maybe a step, because the claim just says it has to monitor, right? So the sensors 1126 that are on the packages there, right, are providing information to the monitor 1114, right? The monitor is called the monitor, and it is monitoring information on the conditions within the structure 1116. I want to . . . I'm looking at what the board said, all right? So the board said, essentially, that you've got the sensors who can do the location information and the sensors who send information to the monitor, and therefore the monitor is able to determine the conditions inside the truck, right? The board said that the two work together in conjunction. I acknowledge that. I'm not saying that that's not the case. We do have an alternative position, of course, where the monitor actually provides all of the functionality, right? The board didn't rely on that. Well, it's a . . . Honestly, I think it's a . . . You could say that the board did rely on that, but I'm not making that argument as my primary argument here. I'm saying that the board understood that the two work together. Absolutely. So let's . . . In order to have a fixed on or within, you've got . . . Right. Basically have to have the truck as part of the package, right? No, the truck . . . Right. It's actually shown in that one picture as a trailer. It's described as a structure. Okay. And it's already been conceded that that's a package, right? Okay. So now . . . Oh, that's for Claim 23, Your Honor. Absolutely. I think the focus here is on Claim 23. Okay. Okay. So let's look at Claim 23. No, but I'm trying to say you've got to . . . There's got to be a logical flow here. Right. So the board said you have to have the two, and so my problem is, is if one is on the bigger structure . . .  . . . and the other is in the big structure . . . Okay. Wait until I finish my question. You get to Claim 23 that says portable by a person, and the board says, okay, we don't have to decide if the bigger structure is portable by a person, and that's where I've got a problem. Okay. I don't understand how they can say we don't have to decide that. Okay. So can I take that in two parts? Yes. If that's okay. First of all, I think the issue is what a device is, right, because the board said that the device here could be made up of two things in combination working. Okay. Okay. But those two things then have to be on or in the package. Have to be on or affixed to the package. So let's look at the monitor 1114 as an example, right, because I think that's where we're getting at in 23, right? The monitor 1114 is affixed or within the structure, which is 1116, right? And the sensors, 1126, are within, right? Those are within, for sure. And they're both within the package. But that's only assuming that we say the big structure, whether it's a cargo ship or whatever, is portable by a person. Okay. So it sounds like perhaps the crux of the issue is whether or not the structure 1116 is portable by a person. Right. Okay. So let's talk about. Expressly did not decide. The board said it did not need to decide that, correct, because in its view the device could be comprised of the two parts, right, and that is the two parts working in conjunction. And it found, and this was the rehearing decision that counsel referred to, and it found that at least one of those components, right, of the device, because there's no structure here, right, the specification actually says I'm not going to tell you what the structure is because it's not important to my invention. Okay. Does the record before the board show that it would have been obvious to attach the monitor as well as the sensor to a smaller package within the trailer? Certainly our expert, the only expert testifying in the case, says that he says actually both things, right. He says that the cargo essentially, the cargo 1134. Where does he, show me where he says that it would have been obvious to attach the monitor to a smaller package. So he begins with, I think it's actually 23, I think it's appendix 1474, Your Honor. That's where he's dealing with the obviousness of this. Can I address one thing with respect to this? No, not yet. Sorry. Finish with this and then you can address it. Absolutely, Your Honor. 1474. Right. So he says a person having an ordinary skill in the art would have understood that a refrigerator and other types of cargo disclosed in Richards and structure are both portable by a person because they are both capable of being moved by a person. The hang-up here is the appellant's construction. But he says refrigerator and items smaller than a refrigerator. A refrigerator? He never says that the bigger structure, the overall big structure, is portable by a person. No, he says are both portable by a person. No, he says structure 116 is also portable by a person, e.g. a driver. I agree, but that wasn't my question. My question is does he say that it would have been obvious to attach the monitor to a smaller package within the trailer? Did he say that? Well, just further down, he does say a person of ordinary skill in the art would have understood that the sensors and monitor could be placed in any size package and would not prevent a package from being capable of being moved by a person. Does that address where you're going? Yes. Okay. So I want to, there's a notion. Unfortunately, the board didn't rely on that, did it? Yes, actually. The board did rely on his expert testimony. I understand it simply said you can have these two different things on two different entities, and then in its reconsideration decision says, and on these two different items, and we conclude that just a portion of this can be attached. Your Honor, I believe it's the same thing. I'm not saying you didn't have some testimony in the record. On page 26. But the board didn't rely on it. On page 26, it does say Dr. Hill testified that a person of ordinary skill in the art would have understood a refrigerator and smaller items to be portable by a person, and it cites AD. And then the next sentence, it says that there's nothing contrary. That's still talking about a refrigerator and smaller items. It's not talking about the big structure. Yeah. There's this notion that this is a massive structure, and I would, you know. You mentioned cargo ships. That's pretty massive. Well, actually, the definition of structure, which we do cite in a brief on page 52, in paragraph 52 of the Richards reference, explains that a structure can be anything, pretty much. And then on 126, it talks about how the structures are any types of structures, and they can be mobile. Of course, that means that they can be moved, right, which is consistent with the board's construction. But the structure can't be anything in, I mean, you can't have just anything and fall within the bounds of portable by a person. Well, I take you back to the point, I think, that you made, which is this was a claim that was added during prosecution, and there is no disclaimer of the scope or disavowal of the scope of this claim. So the board looked at the plain and ordinary meaning, excuse me, boardest reasonable interpretation, and said it had two dictionaries. It had actually one dictionary. Why was the portable by a person limitation added? Was that to overcome prior art? Oh, actually, I believe it was added so that he would have a claim directed at our client, Your Honor. I don't know how to put it any other way. There was no prior art presented with respect to this at all. It was just an added during prosecution. There's a series of related applications. No explanation? No, no. There's a series of related applications. And actually, Your Honor issued, I think, an order in connection with an appeal to parties reexamination that's related to this case, actually. So you'll see that in looking at the whole record that there's a relationship there. And you can see in the background of the invention section, there's a reference to FedEx in there as well. So it's really that focus. But I encourage you to look at, I mean, what we've cited in Richard's, Your Honor, Judge Umeli, was we did cite to these points that a structure is something that's movable by a person, which is consistent with the board's construction of what portable by a person was. The board said, I don't need to decide whether or not something is movable by a person with some kind of assistance or not, although we believe the claim actually encompasses that, right? But the board said, we don't need to do that. Why? Because there's a description in Richard's of what cargo is. Now, to the point of the structure. But the board said the reason is because we think it could be partially affixed. And I don't understand. I mean, look at appendix 35. It says, we don't have to decide if 116 is part of the package. Well, I think their point there is actually twofold, Your Honor. Number one is, again, they took the position, and we believe it's actually fair and consistent with the specification. There's no specification here that says that you can't have a device, right, a wireless tracking device that is made up of two components, OK? The issue there has to do with the fixture within. I agree on the two components. OK, OK. But my problem is that both components have to be affixed to the relevant package. And if your relevant package is the big, you have to be a fixture within. If your relevant package is the big structure, fine. You got me on those early claims. I just don't understand if your relevant package is portable by a person, whether it's a refrigerator or a piece of something on a plate, why you don't have to have them both either affixed or within those relevant packages. So, well, we understand. I think we're in agreement that 116 has a wireless tracking device affixed or within, right? And so the issue is now. I'm giving you that for purposes of this discussion. I understand. I understand. And that was listed earlier. Looking at figure 11, the main figure of Richards, right? You'll note in the left-hand side there of the truck, it is labeled 1134, which is an example of cargo, right? The specification, and the board pointed this out as well, but the specification in Richards explains that the individual cargo items can be large items, such as a refrigerator, or a number of smaller items on a pallet or in a crate. A number of smaller items in a pallet or in a crate. One item is a number of items in a smaller or in a crate. Despite that, okay? Even if you were to take issue with that. We just don't have both aspects of the tracking on the package referenced in Claim 23. No, no. 1134, in this example, right? I see that it's a smaller package, but it doesn't have, you don't have both the monitor and the sensors affixed to that smaller package. There's no requirement that it be affixed to the same package. I think that's what the issue is with this. What it says is that at least. Wait, wait, wait. So you're saying that you could have like seven packages in the truck, and one could have the monitor, and one could have the sensor, and those would all be covered? I would say that the Board's construction, yes, that is consistent with the Board's construction, and that is consistent with this specification. There's no limitation in this specification that says I can't have it that way. I can't have these. In fact, when we argued, Your Honor, that the sensors, okay, because we actually argued for a construction that included sensors, okay, and the Board rejected that in response, recognizing the patent owner's argument that sensors don't need to be a part of it. And, in fact, looking in the specification, I think it's paragraph, if I can get you the paragraph, excuse me, column eight. It talks about how sensors, this is actually an example of a chemical sensor. It says a chemical sensor can be provided within. It's optional. There's no requirement. And then I refer back to column four, lines 27 to 29 of the 165 patent, and it says components have not been described in detail. It could be on or it could be optionally within. Right. And I got you on when you're talking about the package being the large structure, the truck, the crate, your big cargo ship. But when you're talking about a package that has to be portable by a person, I don't understand how you can say that you could have the sensors within, but the other portion of the tracking device doesn't have to be on it. But the claim says affixed or within. So you have to have them both. They are. They are affixed or within. They are. No. Okay. I'm sorry, Your Honor, but my example in 116. Yeah. Okay. Thank you, Mr. Berkowitz. Thank you very much for the explanation. Thank you. Mr. Thomas, do you agree that the portable by a person language covers all the objects that are contained within a trailer? Portable by a person. In that context, the board relied on the cargo 1134, which is a so-called package within the trailer. I'm trying to figure out the claim construction here. Do you agree that the portable by a person language includes all the objects within the trailer, all the objects that are transported, for example, by FedEx, which is what the specification describes? I'm not sure that's exactly commensurate with what the claim is covering. But the 1134, for purposes of this appeal, we are. I'm not talking about the trailer itself. I'm asking a question as to whether portable by a person covers all the objects within the trailer. I don't know what you mean by all the objects. What I'm saying for the purpose of this appeal. You don't understand. Wait. Don't interrupt me. The specification itself talks about objects. You don't know what objects are? An object is, in this context, a package. In this case, what's referred to as cargo, 1134. Do you agree that portable by a person includes all items of cargo within the trailer? Each one of them could be considered for purpose of this argument, yes, portable by a person. I think figure 12 shows several of them in an outline referring to the trailer. Okay. I'll give you a couple of sentences here. Sure. Thank you. The Richards patent, which is the prior art, wirelessly communicates between the two devices. And the gist of that patent is what's called impulse radio communications. It's the wireless linkage between them. It makes no sense to say that these two are one device, because the whole point of that reference is for them to wirelessly communicate. And the patent has- But you could say at the hearing that there's nothing in the specification that says it has to be one device. You might argue it makes no sense, but- The claim says a wireless tracking device. Okay. I think Mr. Thomas, we're out of time. Thank you. Thank you. All rise.